# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA, DEPARTMENT OF MEDICAL ASSISTANCE SERVICES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL O. LEAVITT<br>Secretary, United States Department of Health and Human Services,<br><br>and<br><br>KERRY N. WEEMS<br>Acting Administrator,<br>Centers for Medicare and Medicaid Services of the United States Department of Health and Human Services,<br><br>　　　　Defendants. | Case No. 1:08-cv-00573 (RMC) |

## **ANSWER**

Defendants by and through their undersigned counsel, answer the Complaint as follows:

The unnumbered introductory paragraphs preceding the numbered paragraphs of the Complaint contain Plaintiff's characterizations of this action, characterizations of the Medicaid program, and conclusions of law, not allegations of fact, and, therefore, no response is required. Using the same numbering as the Complaint, the Defendants answer the numbered paragraphs of the Complaint herein:

　　1.　　Defendants admit the first two sentences of this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the paragraph.

2.      Paragraph 2 purports to characterize a disallowance decision by the Centers for Medicare and Medicaid Services ("CMS").  To the extent a response is deemed necessary, Defendants admit this paragraph and refer the Court to the full CMS decisions.  See Admin. Record ("AR") 00175-00177 [Filed herewith].

3.      Defendants admit that the Virginia Department of Medical Assistance Services ("DMAS") appealed a disallowance decision to the U.S. Department of Health & Human Services ("HHS") Departmental Appeals Board ("DAB"), which is empowered, among other things, to adjudicate disallowances of state claims for federal matching funds for Medicaid expenditures, which may include state claims for disproportionate share hospital ("DSH") payments under the Medicaid program.

4.      Defendants admit this paragraph, save footnote 1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1.

5.      Paragraph 5 contains Plaintiff's characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required.  To the extent a response is deemed necessary, Defendants deny this paragraph.

6-7.    Admitted.

8.      Defendants admit that CMS is an operating component of HHS charged with the administration of the federal Medicaid program, and that Kerry N. Weems administers the federal Medicaid program under a delegation of authority from the Secretary.

9-11.   These paragraphs contain conclusions of law to which no response is required.

12.     Paragraph 12 contains Plaintiff's characterization of the Medicaid program, not allegations of fact, and, therefore, no response is required.  To the extent a response is deemed

necessary, Defendants admit the existence of the cited statutory provision, to which the Court is referred to for a full and accurate statement of its contents. See 42 U.S.C. § 1396.

    13.    Paragraph 13 contains Plaintiff's characterization of the Medicaid program and conclusions of law, not allegations of fact, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants admit the existence of the cited statutory provisions, to which the Court is referred to for a full and accurate statement of their contents. See 42 U.S.C. §§ 1396a(a)(13)(A), 1396r-4(b); Omnibus Budget Reconciliation Act of 1981, Pub. L. No. 97-35, 95 Stat. 357.

    14.    The first, second, and fourth sentences of paragraph 14 contain Plaintiff's characterization of the Medicaid program and conclusions of law, not allegations of fact, and, therefore, no response is required. As to the remainder of this paragraph, Defendants admit that during fiscal years 1997 and 1998, the University of Virginia Medical Center ("UVA") and the Medical College of Virginia ("MCV") were designated by Virginia as disproportionate share hospitals ("DSHs").

    15.    Paragraph 15 contains Plaintiff's characterization of the Medicaid program and conclusions of law, not allegations of fact, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants admit the existence of the cited statutory provision, to which the Court is referred to for a full and accurate statement of its contents. See 42 U.S.C. § 1396r-4(f)(2).

    16.    Paragraph 16 contains Plaintiff's characterization of the Medicaid program and conclusions of law, not allegations of fact, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants admit the existence of the cited statutory provision, to which the Court is referred to for a full and accurate statement of its contents. See 42 U.S.C.

§ 1396r-4(g).

17.     Paragraph 17 contains Plaintiff's characterization of the Medicaid program and of this action, as well as conclusions of law; therefore, no response is required.

18.     Paragraph 18 contains Plaintiff's characterization of the Medicaid program and conclusions of law, not allegations of fact, and, therefore, no response is required.  To the extent a response is deemed necessary, Defendants admit the existence of the cited statutory provisions, to which the Court is referred to for a full and accurate statement of their contents.  See 42 U.S.C. § 1396r-4(d), (f), and (g).

19.     The first and last sentences of paragraph 19 contain Plaintiff's characterization of the Medicaid program and conclusions of law, not allegations of fact, and, therefore, no response is required.  To the extent a response to these allegations is deemed necessary, Defendants admit the existence of the cited regulatory provision, and refer the Court to this and other provisions of law for a full and accurate statement of their contents.  See 42 U.S.C. §§ 1396r-4(g), 1396d(a)(1)-(5); 42 U.S.C. § 1395x(b); 42 C.F.R. §§ 440.10(a), 440.20(a); 419.22(a).  The remainder of this paragraph is Plaintiff's characterization of Defendants' legal position, and, therefore, no response is required.  Defendants refer this Court to CMS's Brief in Support of Disallowance before the Departmental Appeals Board ("DAB") for a full and accurate description of CMS's position in the proceedings below.  See AR 00096-00133.

20.     Paragraph 20 contains Plaintiff's characterization of the Medicaid program and of Defendants' legal position, not allegations of fact, and, therefore, no response is required.  To the extent a response is deemed necessary, Defendants admit the existence of the cited authorities, to which the Court is referred to for a full and accurate statement of their contents.  See Alaska Dep't of Health and Social Servs., DAB No. 1919, 2004 WL 1038088; 60 Fed. Reg. 61483

(Nov. 30, 1995); 72 Fed. Reg. 55158 (Sept. 28, 2007). Defendants deny the parenthetical statement after the second sentence of Paragraph 20.

21.     Defendants admit the existence of the judicial decision, to which the Court is referred to for a full and accurate statement of its contents. See Louisiana Dep't of Health and Hospitals v. CMS, 346 F.3d 571 (5th Cir. 2003). The remainder of paragraph 21 contains conclusions of law, not allegations of fact, and therefore, no response is required.

22.     Admitted.

23.     Defendants admit that the Department of Health and Human Services ("HHS") issued a letter dated August 17, 1994, to state Medicaid Directors. The remainder of paragraph 23 contains Plaintiff's summary of this letter, not allegations of fact, and therefore no response is required. To the extent a response is deemed necessary, Defendants refer the Court to the letter dated August 17, 1994, for a full and accurate statement of its contents. See AR 01309-01315.

24.     The first sentence of paragraph 24 contains further characterizations of the letter cited in paragraph 23, and, therefore, no response is required. Defendants deny the second sentence.

25.     Defendants deny the first sentence of paragraph 25. The remainder of paragraph 25 contains Plaintiff's characterization of the letter cited in paragraph 23, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants deny the second sentence of paragraph 25.

26.     Paragraph 26 contains Plaintiff's characterization of the Medicare principles of cost reimbursement and conclusions of law, not allegations of fact, and, therefore, no response is required. Defendants refer the Court to the following provisions which set forth certain Medicare principles of cost reimbursement, for a full and accurate statements of their contents:

see 42 U.S.C. §§ 1396r-4(j), 1395x(b)(4); 42 C.F.R. §§ 419.22, 415.160-.162.

27.     Paragraph 27 contains Plaintiff's characterization of Defendants' legal position, not allegations of fact, and, therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations.

28.     The first sentence contains Plaintiff's characterization of two reports issued by the Office of Inspector General ("OIG"), not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants refer the Court to the two reports for a full and accurate statement of their contents.  See AR 01321-01445.  Defendants deny the second sentence of this paragraph.

29.     Paragraph 29 contains Plaintiff's characterization of a proposed rule, not allegations of fact, and, therefore, no response is required.  To the extent a response is deemed necessary, Defendants admit the existence of the proposed rule issued on August 26, 2005, and refer the Court to the proposed rule for a full and accurate statement of its contents, see 70 Fed. Reg. 50,262-68.  Defendants deny the remainder of this paragraph.

30.     Paragraph 30 contains Plaintiff's characterization of the comments to the proposed rule cited in paragraph 29, not allegations of fact, and, therefore, no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to HHS's website that includes comments on the proposed rule,[1] which was not challenged in the administrative proceedings below and thus was not made part of the administrative record in this matter.

31.     Paragraph 31 contains Plaintiff's characterization of the comments on the

---

[1] See Electronic Comments on CMS regulations, available at http://www.cms.hhs.gov/erulemaking/eccmsr/list.asp?listpage=8

proposed rule cited in paragraph 29 and legal conclusions, not allegations of fact, and, therefore, no response is required. To the extent a response is required, Defendants deny the last sentence of this paragraph.

32.    Defendants deny the first sentence of paragraph 32. The remainder of this paragraph contains Plaintiff's summary of Virginia's State Plan, not allegations of fact, and, therefore, no response is required. To the extent a response is required, Defendants refers the Court to the pertinent provisions of Virginia's State Plan for a full and accurate statement of its contents. See AR 01257-1259, 01286-1287.

33.    Paragraph 33 contains Plaintiff's characterization of Virginia's State Plan and legal conclusions, not allegations of fact, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

34.    Admitted.

35.    Paragraph 35 contains Plaintiff's characterization of the Medicaid program and conclusions of law, not allegations of fact, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants admit the existence of the cited statutory and regulatory provisions, and refer the Court to them for a full and accurate statement of their contents. See 42 U.S.C. § 1396b(a); 42 C.F.R. § 433.10(a).

36.    Paragraph 36 contains conclusions of law, not allegations of fact, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

37.    Defendants admit the first sentence of paragraph 37. The remainder of paragraph 37 contains Plaintiff's characterization of OIG audit reports, not allegations of fact, and, therefore, no response is required. To the extent a response is deemed necessary, Defendants

admit the remainder of paragraph 37 and refer the Court to OIG's audit reports for a full and accurate statement of their contents. See AR 00178-00287.

  38. Admitted.

  39-40. These paragraphs contain Plaintiff's characterizations of the OIG audit reports cited in paragraph 38, not allegations of fact, and, therefore, no response is required. The Court is referred to OIG's audit reports for a full and accurate statement of their contents. See AR 00178-00287.

  41. Defendants admit that a meeting between Virginia and CMS officials was held on October 15, 2003 and refer the Court to the accounts of that meeting that are in the record. See AR 01522-01537.

  42. Defendants admit that CMS notified Plaintiff by letter dated September 8, 2005, of its disallowance of Federal financial participation ("FFP") for Medicaid DSH payments.

  43-44. Defendants admit only the existence of the cited CMS decision letter, to which the Court is referred for a full and accurate statement of its contents. See AR 00175-177. Defendants deny the remainder of the allegations.

  45. Admitted.

  46. Paragraph 46 contains Plaintiff's characterization of Defendants' legal position in the proceedings below, not allegations of fact, and, therefore, no response is required and Defendants refer the Court to the briefs filed before the DAB. See AR 00093-133.

  47-48. These paragraphs contain Plaintiff's characterization of the decision below, not allegations of fact, and, therefore, no response is required. To the extent a response is required, Defendants admit the existence of the cited administrative decision, to which the Court is referred for a full and accurate statement of its contents. See AR 00001-18.

49. Admitted.

50. Denied.

51. Defendants repeats and reallege the responses contained in paragraphs 1 through 50 inclusive.

52-56. Denied.

57. Defendants repeats and reallege the responses contained in paragraphs 1 through 56 inclusive.

58-60. These paragraphs contain Plaintiff's characterization of the decision below and legal conclusions, not allegations of fact, and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations and refer the Court to the administrative decision for a full and accurate statement of its contents. See AR 00001-18.

The remaining paragraphs of Plaintiff's Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of Plaintiff's Complaint and further aver that Plaintiff is not entitled to any relief. Any allegation not specifically addressed is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendants request that Plaintiff's Prayer for Relief be denied, that this action be dismissed with prejudice, and that Defendants be awarded costs and such other relief as the Court may deem appropriate.

Respectfully submitted this 30th day of June, 2008.

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SHEILA M. LIEBER
Assistant Branch Director

OF COUNSEL
THOMAS R. BARKER
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General Counsel
 for Litigation

ROBERT W. BALDERSTON
Attorney

U.S. Department of Health &
Human Services

 /s/ Varu Chilakamarri
VARU CHILAKAMARRI (NY Bar)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
Tel: (202) 616-8489
Fax: (202) 616-8470
varudhini.chilakamarri@usdoj.gov

Courier Address:
20 Massachusetts Ave., NW, Rm. 7226
Washington, D.C. 20530

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2008, a true and correct copy of the foregoing was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

 /s/ Varu Chilakamarri
VARU CHILAKAMARRI